**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

| | |
|---|---|
| SUMMER KESSLER, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | Jury Trial Demanded |
| -against- | |
| CASEY'S GENERAL STORES, INC., CASEY'S MARKETING COMPANY, and CASEY'S RETAIL COMPANY, | |
| Defendants. | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Summer Kessler (collectively, "Plaintiff"), along with any other similarly situated employees who may join this action, by their attorneys, Shavitz Law Group, P.A., Hepworth Gershbaum & Roth PLLC, and Werman Salas P.C., upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and similarly situated co-workers who worked for Defendants Casey's General Stores, Inc., Casey's Marketing Company, and Casey's Retail Company (together, "Casey's" or "Defendants") in Illinois as exempt-classified Store Managers (the "Class Members") during the Illinois class period and Fair Labor Standards Act collective period.

2. Plaintiff brings this action on behalf of herself and similarly situated exempt-classified Illinois Store Managers pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to

remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* and its respective implementing regulations.

3. Plaintiff also brings this action on behalf of herself and similarly situated exempt-classified Store Managers nationwide pursuant to 29 U.S.C. § 216(b) to remedy violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and its respective implementing regulations.

4. As more fully described below, during the relevant time periods, Defendants willfully violated the IMWL and FLSA by failing to pay the Class Members and Collective Members, including Plaintiff, for all of their hours worked, including overtime hours, based upon its unlawful policies and practices.

## THE PARTIES

*Plaintiff Summer Kessler*

5. Plaintiff Kessler is a resident of Neoga, Illinois in Cumberland County, Illinois.

6. Plaintiff worked for Defendants as an exempt-classified Store Manager from approximately March 2022 to July 2022 in Neoga, Illinois.

7. At all times relevant, Plaintiff was an "employee" within the meaning of the IMWL and FLSA.

8. A consent to join form for Plaintiff is attached as Exhibit A.

*Defendants*

9. Casey's General Stores, Inc. is an Iowa corporation. Casey's General Store, Inc., together with its wholly-owned subsidiaries Casey's Marketing Company and Casey's Retail Company, operate approximately 2,000 convenience stores in the United States, including in

Illinois.

10. Defendants are registered to do business in Iowa.

11. Defendants have owned and/or operated Defendants' stores during the relevant period in Illinois, including the store at which Plaintiff worked in Illinois.

12. At all relevant times, Defendants were and are employers within the meaning of the IMWL and FLSA.

13. Defendants employed Plaintiff and other similarly situated current and former Class Members and Collective Members.

14. Defendants had gross annual revenues exceeding $500,000.00 for all relevant periods herein.

15. Each Defendant employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former Class Members and Collective Members and, directly or indirectly, jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff and other similarly situated current and former Class Members and Collective Members. Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the IMWL and FLSA.

16. Each Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former Class Members and Collective Members including, without limitation, those terms and conditions relating to the claims alleged herein.

17. Defendants jointly employed Plaintiff and other similarly situated current and

former Class Members and Collective Members.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

19.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

20.     Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the Defendants are subject to personal jurisdiction in this District.

21.     Defendants have directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated Class Members and Collective Members at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

## COMMON FACTUAL ALLEGATIONS

22.     During the course of their employment with Defendants, Plaintiff, Class Members, and Collective Members regularly worked in excess of forty (40) hours in each workweek, but were not compensated at one and one-half times their respective regular rates of pay for all hours worked over forty in each such workweek.

23.     Plaintiff, Class Members, and Collective Members primarily performed the same or substantially similar non-exempt job duties including providing customer service and selling products in the store, setting up and restocking products on store shelves, working on the cash register, preparing drinks and food, cleaning the store, cleaning the bathroom, stocking the coffee

and cappuccino machine, cleaning up the coffee area, stocking the cooler, and other physical work.

24. Plaintiff's, Class Members', and Collective Members' primary duties were not directly related to Defendants' management or general business operations.

25. Plaintiff's, Class Members', and Collective Members' primary duties did not include the exercise of discretion or independent judgment regarding matters of significance.

26. The performance of manual labor duties occupied the majority of Plaintiff, Class Members, and Collective Members' working hours.

27. Plaintiff, Class Members, and Collective Members performed the same or substantially similar job duties.

28. All of the work that Plaintiff, Class Members, and Collective Members have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff, Class Members, and Collective Members have performed.

29. Pursuant to a common policy, pattern or practice, Defendants treated Plaintiff, Class Members, and Collective Members similarly with respect to the violations claimed and failed to pay them wages and overtime wages, despite the fact that Plaintiff, Class Members, and Collective Members regularly worked more than 40 hours per workweek, all in violation of the IMWL and FLSA.

30. Defendants maintain a common policy not to pay overtime wages to Plaintiff, Class Members, and Collective Members.

31. Defendants knew that Plaintiff, Class Members, and Collective Members worked more than 40 hours during workweeks and did not pay them overtime wages.

32. Upon information and belief, Defendants' unlawful conduct described in this

Collective and Class Action Complaint is pursuant to a corporate policy or practice which minimizes labor costs by violating the IMWL and FLSA.

33. Defendants knew (or should have known) that Plaintiff, Class Members, and Collective Members primarily performed non-managerial duties, yet still maintained a policy not to pay Plaintiff, Class Members, and Collective Members overtime wages.

34. Defendants also underfunded their stores' payroll budgets. Plaintiff, Class Members, and Collective Members had to work long hours with no extra overtime compensation while performing the work of non-exempt employees (who otherwise would have received overtime pay for such work) due to the lack of sufficient payroll money from Defendants to pay the non-exempt workers.

35. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the IMWL and FLSA.

36. Defendants were aware or should have been aware that the IMWL and FLSA requires them to pay non-exempt employees an overtime premium for all hours worked in excess of 40 hours per workweek.

37. Defendants failed to inquire into and/or failed to make adequate inquiry into whether Plaintiff, Class Members, and Collective Members should have been classified as non-exempt and eligible for overtime payment.

## ILLINIOIS CLASS ALLEGATIONS

38. Plaintiff brings the First Cause of Action on Plaintiff's own behalf and as a class action, pursuant to Federal Rule of Civil Procedure 23(a) and (b), on behalf of the following class of persons:

>All Store Managers who are currently or have been employed by Defendants in Illinois at any time between the time period of three years prior to the filing of this Collective and Class Action Complaint and the date of final judgment in this matter and excluding individuals who joined the *McColley v. Casey's General Stores, Inc., et al.*, No. 2:2018-cv-00072 (N.D. Ind.) lawsuit (the "IMWL Class").

39. The IMWL Class are collectively referred to as the "Illinois Class" and/or "Class Members."

40. Excluded from the Illinois Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

41. The members of the Illinois Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within Defendants' sole control.

42. Upon information and belief, the size of the Illinois Class is at least 40 individuals.

43. Defendants have acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Class as a whole.

44. Common questions of law and fact exist as to the Illinois Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

>(a) whether Defendants violated the IMWL;

  (b) whether Defendants failed and/or refused to pay Plaintiff and members of the IMWL Class overtime wages for all hours worked in excess of 40 per workweek in violation of and within the meaning of the IMWL;

  (c) whether Defendants' policy of failing to pay Plaintiff and members of the Illinois Class proper compensation, including overtime compensation, was done willfully or with reckless disregard of the law and not in good faith; and

  (d) the nature and extent of class-wide injury and the measure of damages for those injuries.

45. Plaintiff's claims are typical of the claims of the Illinois Class Plaintiff seeks to represent.

46. Plaintiff and members of the Illinois Class work or have worked for Defendants as Store Managers and have been subjected to Defendants' policy, pattern, or practice of requiring Store Managers to work unpaid hours and not be paid overtime wages for overtime hours worked.

47. Plaintiff and members of the Illinois Class enjoy the same statutory rights under the IMWL, including to be paid for all hours worked and to be paid overtime wages. Plaintiff and members of the Illinois Class have all sustained similar types of damages because of Defendants' failure to comply with the IMWL. Plaintiff and members of the Illinois Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

48. Plaintiff will fairly and adequately represent and protect the interests of the Illinois Class. Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the Illinois Class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, she must represent and consider the interests of the Illinois Class just as she would represent and consider her own interests. Plaintiff understands that in decisions regarding the

conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Class.  Plaintiff understands that to provide adequate representation, Plaintiff must be informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in Plaintiff's possession, and testify at deposition and/or trial.

49. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Illinois Class.

50. A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Illinois Class have been damaged and are entitled to recovery because of Defendants' violations of the IMWL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiff and Class Members lack the financial resources to vigorously prosecute a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

51. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**COLLECTIVE ACTION ALLEGATIONS**

52. Plaintiff brings FLSA overtime claims on behalf of herself and all similarly situated persons who work or have worked for Defendants as exempt-classified Store Managers from December 15, 2019, to the date of judgment in this Action who elect to opt in to this Action (the "Collective Members"). The "Collective Members" definition excludes individuals who joined the *McColley v. Casey's General Stores, Inc., et al.*, No. 2:2018-cv-00072 (N.D. Ind.) lawsuit.

53. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective Members for all overtime hours worked. There are many similarly situated current and former Store Managers who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated Store Managers are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

**FIRST CAUSE OF ACTION**
**IMWL – Overtime Wage Laws**
**(Brought on behalf of Plaintiff and the IMWL Class)**

54. Plaintiff, on behalf of herself and all members of the IMWL Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

55. The foregoing conduct, as alleged, violates the IMWL, 820 ILCS 105/1 *et seq.*, and their implementing regulations. At all relevant times, the Defendants have been an "employer" within the meaning of 820 ILCS 105/3(c). At all relevant times, the Defendants have employed employees including the Plaintiff and each of the members of the IMWL Class, within the meaning

of 820 ILCS 105/3(d).

56. The Illinois wage and hour laws require an employer, such as Defendants, to pay overtime compensation to all eligible employees. Defendants should have classified the Plaintiff and all members of the IMWL Class as non-exempt and eligible for overtime pay.

57. At all relevant times, the Defendants have had a policy and practice of failing and refusing to pay Plaintiff and the IMWL Class for all of their overtime hours worked.

58. By failing to pay all wages earned and due to Plaintiff and the IMWL Class for their hours worked in excess of forty hours per workweek, the Defendants have violated 820 ILCS 105/4a.

59. Plaintiff, on behalf of herself and the IMWL Class, seeks damages in the amount of the respective unpaid wages earned and due at a rate of not less than one and one-half times the regular rate of pay for off-the-clock work performed in excess of forty hours in a workweek, as provided by 820 ILCS 105/4a; and other damages, including damages of 5% of the amount of underpayments for each month the wages remain unpaid, and treble damages on all unpaid overtime wages pursuant to 820 ILCS 105/12(a); and such other legal and equitable relief as this Court deems just and proper.

60. Plaintiff, on behalf of herself and the IMWL Class, seeks recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by 820 ILCS 105/12(a).

### SECOND CAUSE OF ACTION
**Violation of the FLSA**
**Failure to Pay Overtime Wages**
**(By Plaintiff individually and on Behalf of Collective Members)**

61. Plaintiff realleges and incorporates by reference all preceding paragraphs and allegations.

62. Defendants have intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA.

63. Defendants have engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the Collective Members, as detailed in this Complaint.

64. At all relevant times, Plaintiff and Collective Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

65. The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Defendants.

66. Defendants are an employer of Plaintiff and the Collective Members and are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

67. At all relevant times, Plaintiff and the Collective Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

68. Defendants have failed to pay Plaintiff and the Collective Members all overtime compensation to which they are/were entitled under the FLSA.

69. Defendants' violations of the FLSA, as described in this Collective and Class Action Complaint, have been, and continue to be, willful and intentional.

70. Defendants are aware of their obligations under the FLSA but did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the Collective Members.

71. Because Defendants' violations of the FLSA have been willful, a three-year statute

of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity, or operation of law.

72.   As a result of Defendants' willful violations of the FLSA, Plaintiff and the Collective Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR TRIAL BY JURY

Plaintiff, the Illinois Class, and the Collective Members demand a trial by jury on all questions of fact raised by this Collective and Class Action Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, seek the following relief:

A.   At the earliest possible time, Plaintiff should be allowed to give notice of this class and collective action, or the Court should issue such notice, to all Collective Members and members of the Illinois Class who are/were employed by Defendants during the applicable statute of limitations periods.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B.  Certification of the Illinois Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.  Designation of Plaintiff as Class Representative for the Illinois Class, and counsel

of record as Class Counsel;

D. Unpaid overtime pay and any penalties and other damages as permitted by law pursuant to the IMWL and FLSA;

E. Issuance of a declaratory judgment that the practices complained of in this Collective and Class Action Complaint are unlawful;

F. Pre-judgment interest and post-judgment interest as provided by law;

G. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

H. Reasonable incentive award to compensate Plaintiff for the time and effort Plaintiff has spent and will spend protecting the interests of other Store Managers, and the risks Plaintiff is undertaking;

I. Reasonable attorneys' fees, costs, and expenses; and

J. Such other relief as this Court shall deem just and proper.

Dated: Chicago, Illinois
December 19, 2022

Respectfully submitted,

/s/ Douglas M. Werman
Douglas M. Werman
WERMAN SALAS P.C.
77 W. Washington St., Ste 1402
Chicago, IL 60602
Telephone:  (312) 419-1008
Facsimile:   (312) 419-1025
dwerman@flsalaw.com

Gregg I. Shavitz*
Loren Donnell*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone:   (561) 447-8888

Facsimile:    (561) 447-8831
gshavitz@shavitzlaw.com
ldonnell@shavitzlaw.com

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
447 Madison Ave., 6th Floor
New York, NY 10022
Telephone:    (800) 616-4000
Facsimile:    (561) 447-8831
mpalitz@shavitzlaw.com

Marc Hepworth*
David Roth*
Charles Gershbaum*
Rebecca Predovan*
HEPWORTH GERSHBAUM &
ROTH PLLC
192 Lexington Ave., Ste 802
New York, NY 10016
Telephone:    (212) 545-1199
Facsimile:    (561) 447-8831
mhepworth@hgrlawyers.com
droth@hgrlawyers.com
cgershbaum@hgrlawyers.com
rpredovan@hgrlawyers.com

*Attorneys for Plaintiff, the Collective Members, and the Illinois Class*

*\* Pro hac vice admission forthcoming*